NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2007
Decided March 14, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-2115

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>CORNELIUS JERMAINE BENSON,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division.<br><br>No. 05 CR 48<br><br>William C. Lee,<br>*Judge.* |

**O R D E R**

In 2005, Cornelius Benson was charged with the armed robbery of a federally insured credit union, *see* 18 U.S.C. §§ 2, 2113(a), (d), and possessing a firearm during a crime of violence, *see* 18 U.S.C. §§ 2, 924(c). A jury found Benson guilty of armed robbery but acquitted him of firearm possession. The district court sentenced him to 285 months' imprisonment.

Benson seeks to appeal his conviction, but his appointed counsel moves to withdraw because he cannot discern a nonfrivolous issue for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Benson has filed a response to counsel's motion.

*See* Cir. R. 51(b). Counsel's supporting brief is facially adequate, so we limit our review to those potential issues identified by counsel and by Benson. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 1997).

At Benson's jury trial, his counsel admitted in opening statement that Benson was one of two men who committed the robbery. Benson's counsel, however, argued that Benson did not possess a gun at any time—was therefore unarmed— and did not know his accomplice had a gun. Following opening statements, the judge excused the jury and questioned Benson under oath to see if he understood and agreed with the strategy taken by his counsel of conceding to the lesser-included offense of unarmed robbery. Benson responded that he had discussed the trial strategy with his counsel to his satisfaction and that he supported it.

In light of Benson's admission, the parties stipulated to many facts surrounding the robbery, and the trial focused on whether Benson and his accomplice had used handguns. At the end of the trial, the district judge instructed the jury on both charged counts, as well as the lesser-included offense of unarmed robbery, because of Benson's admission to that crime. The jury sent a question to the judge, asking which forms they needed to complete to record their verdict. The judge provided the jury with general instructions about the appropriate forms to complete, as agreed upon by both counsel. During his explanation the judge added, "The defendant has, in effect, admitted through his statements and arguments, that he committed the lesser-included offense." Afterward, the jury returned a verdict of guilty of armed robbery and not guilty of possession of a handgun during and in relation to a crime of violence.

Counsel first considers whether Benson could argue that his armed robbery conviction is unsupported by sufficient evidence. Such a challenge would be "an uphill battle," *see United States v. Wallace*, 212 F.3d 1000, 1003 (7th Cir. 2000), and we agree that it would be frivolous here, because a rational fact finder could have found that the essential elements of the crime were established beyond a reasonable doubt. The trial evidence included Benson's admission that he robbed the federally insured credit union, the testimony of three witnesses stating that *both* robbers carried handguns, surveillance video of the robbery, the discovery of a shoe print matching Benson's at the spot where he vaulted the teller counter, the discovery of the getaway car, and the discovery of bait money from the credit union in Benson's possession. Thus, the evidence rationally supported a finding of Benson's guilt of armed robbery under 18 U.S.C.§ 2113. For similar reasons, the evidence also supported a finding that Benson was guilty of aiding and abetting the armed robbery committed by his accomplice. An aider and abetter is responsible to the same degree as a principal, *see* 18 U.S.C. § 2, and the jury was so instructed.

Accordingly, a reasonable fact finder could have found Benson guilty of armed robbery either because Benson carried a gun during the robbery or because he aided and abetted his armed accomplice.

Counsel also considers whether Benson could argue that his conviction for armed robbery was inconsistent with the jury's finding that he did not possess a handgun. We agree with counsel that any challenge on these grounds would be frivolous because the verdicts are not inconsistent. If the jury could rationally find that Benson knowingly aided an armed robbery, as discussed above, then his guilt on that count does not require that he also be convicted of possessing the handgun alleged in the § 924(c) count. *See Wallace*, 212 F.3d at 1004. Furthermore, acquittal on the possession count does not dictate acquittal on the armed robbery count because each count is treated as a separate indictment that is independent of the verdict on any other count. *See United States v. Powell*, 469 U.S. 57, 62-63 (1984); *Castillo v. United States*, 148 F.3d 770, 774-75 (7th Cir. 1998). In short, inconsistent verdicts do not entitle the defendant to relief. *United States v. Pesman*, 443 F.3d 912, 915 (7th Cir. 2006).

Next, counsel considers whether Benson could argue that he was prejudiced by the instructions the court gave to the jury after they inquired about the proper verdict forms to complete. Benson's counsel approved the instructions given at trial, so we would only review the instructions for plain error and would only reverse if the error stemming from the instructions seriously affected the fairness, integrity, or public reputation of the proceedings below. *United States v. Ackley*, 296 F.3d 603, 606 (7th Cir. 2002). Here, the jury reported to the judge that they had already reached a verdict and merely wanted to know what forms to fill out. The judge explained that first they should look to the forms for armed robbery and fill out either the guilty or not guilty form, depending upon their decision. He said the same for the possession count. He instructed that the jury should go on to the lesser offense of unarmed robbery only if they found Benson not guilty of the armed robbery and possession counts. He also explained that the armed robbery and possession counts were independent and Benson did not have to be found guilty of possessing a handgun to be guilty of armed robbery. These instructions all state correct principles of law and do not evince any plain error. *See id.* The judge's statement regarding Benson's admission of guilt through his counsel's opening statement does not call into question the fairness of the proceedings because the statement merely repeated Benson's own admission. Therefore, we agree with counsel that any challenge on this ground would be frivolous.

Next, counsel considers whether Benson could successfully challenge his sentence as unreasonable. Because Benson has two prior convictions for armed robbery, the district court correctly found that § 4B1.1 of the Sentencing Guidelines

requires he receive an offence level of 34 and a criminal history category of VI. Benson had a resultant sentencing range of 262-327 months, with a statutory maximum of 300 months. After hearing argument, the judge took account of factors in this case relevant to 18 U.S.C. § 3353(a), including that this was Benson's third armed robbery conviction and that he admitted his involvement in the crime at trial. The judge imposed a sentence of 285 months, and neither Benson nor his counsel now identify any reason why this sentence is unreasonable. Not only is a sentence within the guidelines range presumptively reasonable, *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1110-11 (7th Cir. 2006), but even without the presumption there is no non-frivolous basis for suggesting that Benson's sentence is unreasonable.

Benson argues in his 51(b) response that he received ineffective assistance of counsel at trial, and his appellate counsel also considers this argument in his *Anders* brief. But a proper record has not been developed to fully examine the merits of the various potential claims of ineffectiveness, and error is not apparent on the record alone. Therefore Benson's ineffective assistance claim is better suited to collateral attack, at which time a full record may be developed. *See United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005) (citing *Massaro v. United States*, 538 U.S. 500, 504-505 (2003)).

Benson also argues that his crime was not a federal offense because the government did not prove that the victim credit union was federally insured. But Benson stipulated at trial that the credit union was federally insured, and that stipulation served to satisfy the burden of proof on that element of the offense. *See United States v. Birk*, 453 F.3d 893, 897 (7th Cir. 2006).

Next, Benson argues that when the judge questioned him about his assent to his counsel's concession in opening statement that he robbed the bank, the judge subjected him to a "de facto" change of plea (pleading guilty to the lesser included offense of unarmed robbery) without the required Rule 11 warnings. He argues that he was harmed by this error during jury deliberations when the judge told the jury that Benson had essentially admitted to unarmed robbery. But the jury convicted Benson of armed robbery, not of unarmed robbery, and thus his admission had no bearing on his conviction. If anything, his admission to unarmed robbery helped his case because the jury could find him guilty of armed robbery based on the fact that his cohort definitely used the gun, while acquitting him, as the jury did, on the possession of a firearm offense. A conviction on the latter offense would have required a consecutive sentence. 18 U.S.C. § 924(c)(1)(D)(ii). In any event, Rule 11 does not apply because Benson did not plead guilty.

Next, Benson argues that the judge's questions to him following his counsel's opening statement were compelled testimony in violation of the Fifth Amendment privilege against self-incrimination. Benson's privilege, however, was knowingly waived when he voluntarily answered the questions of the judge in the presence of and with the assent of his attorney. *Mitchell v. United States*, 526 U.S. 314, 321 (1999); *Rogers v. United States*, 340 U.S. 367, 440 (1951). Accordingly, any challenge on this ground would be frivolous.

Finally, Benson argues that his counsel's *Anders* brief runs contrary to counsel's obligation to argue his appeal. But counsel may and should file an *Anders* brief if, after careful consideration, counsel does not see any non-frivolous issues for appeal. 386 U.S. at 744. We have scrutinized counsel's brief as well as Benson's response for any non-frivolous issues, and find none.

For the foregoing reasons, the motion to withdraw is GRANTED and the appeal is DISMISSED.