[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-12503
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 26, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-00194-CR-J-25-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ELIEZER YEHUDAH NEUFELD,

Defendant-Appellee.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(April 26, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

The government appeals the 48-month sentence imposed on Defendant-

Appellee Eliezer Yehudah Neufeld for conspiring to distribute 3,4-

methylenedioxymethamphetamine ("MDMA" or "Ecstacy"), in violation of 21 U.S.C. § 846. No reversible error has been shown; we affirm.

Neufeld was first sentenced pre-Booker, United States v. Booker, 125 S.Ct. 738 (2005), to 135 months' imprisonment. The district court judge -- then operating under a mandatory guideline system -- stated that the sentence would be "more than adequate for the conduct and to deter any future conduct." Booker was decided during the pendency of Neufeld's initial direct appeal. We concluded that Neufeld's 135-month sentence was due to be vacated under plain error review; we remanded for resentencing. United States v. Neufeld, No. 04-10386, 2005 WL 3055204 (11th Cir. Nov. 16, 2005). At resentencing, the guideline range  -- the calculation of which is unchallenged -- was 135 to 168 months. The government complains that the 48-month sentence imposed by the district court exceeded only slightly one-third of the shortest guideline sentence and was the equivalent of a reduction of ten offense levels. The government argues that the district court relied on an impermissible factor in determining sentence and that the sentence imposed was unreasonable.

The factor the government argues that the district court relied upon improperly in fashioning the 48-month sentence was the disparity between Neufeld's guideline-range sentence and the sentences imposed upon his

2

codefendants Bitton (41 months) and Dermer (24 months). During the course of the sentencing hearing and in its later filed statement of reasons, the district court observed that no substantial difference in culpability existed between Neufeld and his co-defendants; among other reasons cited for the reduced sentence was the need to avoid unwarranted sentencing disparities among defendants. The government contended that the disparity was warranted; it made no complaint that the consideration of co-defendant sentence disparities was improper.

On appeal, the government argues that 18 U.S.C. § 3553(a)(6) -- which lists as a sentencing factor "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" -- references sentence disparities nationwide. According to the government, this section calls for no consideration of disparities in sentence meted out to codefendants in a particular case. And, citing United States v. Williams, 456 F.3d 1353 (11ᵗʰ Cir. 2006), the government contends the sentence is due to be reversed because "a sentence can be unreasonable, regardless of length, if the district court's selection of the sentence was substantially affected by it consideration of impermissible factors." Id. at 1361.

Our sister circuits have split on whether section 3553(a)(6) permits consideration of sentence disparity among codefendants. Compare United States

v. Candia, 454 F.3d 468, 476 (5th Cir. 2006) (stating that section 3553(a)(6) references the need to avoid disparity among similarly-situated defendants nationwide and not the disparity with a differently situated codefendant); and United States v. Pisman, 443 F.3d 912, 916 (7th Cir.) cert. denied, 127 S.Ct. 413 (2006) (stating that section 3553(a)(6) focuses on unjustified differences across judges or districts and not on differences among defendants in a particular case); with United States v. Krutsinger, 449 F.3d 827, 830 (8th Cir. 2006) (concluding district court committed no abuse of discretion when it considered sentencing disparity between two defendants who committed the same crime in the same conspiracy).   No post-Booker binding precedent of this Circuit addresses squarely this issue.  Because the government failed to make the objection below that it advances on appeal -- that the sentencing court's consideration of the sentencing disparity between Neufeld and his codefendants constituted consideration of an impermissible factor -- our review is for plain error.  And when, as here, no controlling precedent resolves the claim being advanced on appeal and other circuits are split on the issue, district court error, if any, is not "obvious" or "clear under current law."  See United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999).  As such, there can be no plain error relief.  Id.

The government did preserve for review the reasonableness of the sentence imposed. A district court is obligated to consider the factors listed in 18 U.S.C. § 3553(a) in determining sentence; we review the sentence imposed for reasonableness in the light of the section 3553 factors. Williams, 456 F.3d at 1363. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." Id. Because our review is deferential -- not de novo -- we will not substitute our judgment for that of the district court in weighing the relevant factors. Id.

The government argues that the factors relied upon by the district court were insufficiently "extraordinary" to support the extraordinary reduction in sentence. See United States v. Crisp, 454 F.3d 1285, 1291 (11th Cir. 2006) (concluding facts of particular case not out of the ordinary and failed to justify extremely lenient sentence). At sentencing and in its later filed statement of reasons, the district court cited in support of the sentence imposed, the extraordinary support available to Neufeld from his family, rabbis and community, which support the district court determined would reduce substantially the possibility of recidivism; the age of Neufeld when first sentenced; Neufeld's criminal history; the need to provide just

punishment and adequate deterrence; Neufeld's conduct while incarcerated;[*] and, as already discussed, the disparity between the guideline sentence and the sentences imposed on Neufeld's codefendants. The district court seemed most impressed with the extraordinary support network available to Neufeld but relied on no single section 3553(a) factor to determine the sentence imposed.

In addition to the 48-month sentence and a personal money judgment of $174,000, a term of six years' supervised release was imposed; Neufeld was also ordered to participate in substance abuse and mental health treatment programs. The district court acknowledged that the sentence was below the guideline range, stated that the guideline range was unreasonable, and deemed the sentence imposed sufficient to meet all of section 3553(a)'s criteria. The record reflects no generalized disagreement on the part of the district court with the sentencing guidelines. Compare United States v. Williams, 456 F.3d 1353, 1369 (11th Cir. 2006) (district court erred in mitigating sentence based on general disagreement with guidelines 100-to-1 crack-to-powder drug quantitity ratio); with United

---

[*]In a decision that post-dates Neufeld's resentencing, we concluded that post-sentencing rehabilitative conduct is no permissible factor for the district court to consider on remand in fashioning a reasonable sentence under section 3553(a). United States v. Lorenzo, 471 F.3d 1219, 1221 (11th Cir. 2006). The government made no argument in the district court that the consideration of Neufeld's evidence of rehabilitation was improper under section 3553(a). To the extent the government advances that argument on appeal, no plain error has been shown.

6

States v. Williams, 435 F.3d 1350, 1355 (11th Cir. 2006) (upholding non-guidelines sentence where record disclosed court not motivated solely by personal disagreement with crack cocaine guidelines range, court calculated correctly guidelines range and gave specific, valid reasons for sentence below that range). We have no doubt that a longer sentence would fall within the range of reasonable sentences from which the district court could choose in the light of the particular facts of this defendant; see United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005); but we can not say that the government met its burden to show that the ultimate sentence imposed was unreasonable. See id. (party who challenges sentence bears burden of establishing unreasonableness in the light of the record and the section 3553(a) factors).

AFFIRMED.