In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1931

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOHN L. O'LEARY, IV,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 CR 00429-5 — **Robert M. Dow, Jr.**, *Judge.*

ARGUED FEBRUARY 20, 2020 — DECIDED APRIL 27, 2020

Before BAUER, EASTERBROOK, and MANION, *Circuit Judges.*

BAUER, *Circuit Judge.* John L. O'Leary, IV, and his co-defendants operated a crack cocaine distribution business from 2010 to 2014. O'Leary sold crack cocaine rocks to customers, collected money, and looked out for police. Each packet of cocaine contained 30 rocks, priced at $10 per rock. Each distributor received about one to eight packets daily, depend-

ent on demand and favor in the operation, retaining a $100 profit and remitting the remaining $200 to the operation. As a preferred distributor, O'Leary received more packets than others.

After the grand jury was presented with detailed testimony about the operation and his involvement, it indicted O'Leary. He elected to have a bench trial. The government presented a variety of evidence in support of the charges including O'Leary's stipulations, the grand jury testimony, six intercepted phone calls, a map of the area where the distributions took place, and 23 grams of seized cocaine. The parties stipulated that O'Leary had knowingly sold .4 grams of crack cocaine to an undercover officer on both April 9, 2014, and April 25, 2014. The government presented six wire tapped telephone recordings of O'Leary making incriminating statements. O'Leary was also present when co-conspirators sold crack cocaine packets. O'Leary was found guilty and he was sentenced to 120 months in prison.

O'Leary appeals, contending the government did not prove beyond a reasonable doubt the relevant quantity of 280 grams of cocaine. For the following reasons, we affirm.

## DISCUSSION

We review sufficiency of the evidence challenges at a bench trial under jury trial standards. *United States v. Wasson*, 679 F.3d 938, 949 (7th Cir. 2012). We will only overturn the verdict if no rational trier of fact would have found the defendant guilty beyond a reasonable doubt after viewing the evidence in the light most favorable to the government. *United States v. Doody*, 600 F.3d 752, 754 (7th Cir. 2010). We do not reweigh the

evidence and may uphold verdicts entirely based on circum-stantial evidence. *United States v. Kruse*, 606 F.3d 404, 408 (7th Cir. 2010).

The government must prove beyond a reasonable doubt that O'Leary knowingly or intentionally distributed 280 grams or more of a substance containing a cocaine base. 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). During the bench trial, the government presented O'Leary's grand jury testimony, six wiretapped calls, and various stipulations. O'Leary argues that the government's reliance on his grand jury statement should be disregarded because critical aspects of his statement were not corroborated. However, as a whole, the evidence estab-lishes O'Leary's grand jury statement was reliable.

Alone, an uncorroborated confession is generally insuffi-cient to support a conviction; the government must provide "substantial independent evidence which would tend to establish the trustworthiness of the statement." *Opper v. United States*, 348 U.S. 84, 93 (1954). All elements must be established by independent evidence or corroborated admissions. *Smith v. United States*, 348 U.S. 147, 156 (1954). For instance, independ-ent evidence may bolster the confession and prove the offense through O'Leary's statements. *Id.* The government meets its burden by introducing substantial evidence supporting key assertions in the confession, providing an evidentiary basis for finding the statement as a whole is trustworthy. *Id.* at 157.

O'Leary detailed his knowledge and understanding of the operation along with his involvement during his grand jury statement. He estimated that he received four packs at a time and each pack contained roughly 3 grams. The operation sold

approximately 78 kilograms between 2010-2014. By his own account, O'Leary would have distributed 280 grams of crack cocaine in about 24 days.

Multiple aspects of O'Leary's grand jury statement were corroborated by independent evidence including the stipulations and the wiretapped telephone calls. The stipulations and calls provide this substantial evidence, identifying O'Leary as a distributor and the packets being sold that contained cocaine, the amount of drugs in the packets, the place of the conspiracy, the status of drug sales and price, and the frequency of sales.

Furthermore, the law does not limit O'Leary's guilt to the quantities he sold alone, but rather, to the entire operation. O'Leary may be found guilty of offenses committed by co-conspirators, even if he neither participated nor had knowledge of the substantive offense. *United States v. Pisman*, 443 F.3d 912, 913 (7th Cir. 2006). Because the conspiracy sold about 60 grams of crack cocaine daily, the 280 grams of crack cocaine quantity was satisfied within 5 days.

The government provided substantial evidence that corroborated O'Leary's grand jury testimony sufficient to prove beyond a reasonable doubt that the conspiracy involved at least 280 grams of crack cocaine.

## CONCLUSION

We AFFIRM the district court's finding that the government's evidence sufficiently sustains O'Leary's conviction.