In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-1597

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

WAYNE C. SCOTT,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:09-cr-00548-1—**Blanche M. Manning,** *Judge.*

ARGUED SEPTEMBER 29, 2010—DECIDED JANUARY 12, 2011

Before BAUER, WOOD and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* Wayne C. Scott pleaded guilty to two counts of mail fraud in violation of 18 U.S.C. § 1341. He appeals his sentence to this court and argues that he is entitled to resentencing because (1) the district court ignored the fact that the defendant's coconspirator was never convicted or sentenced, and (2) the defendant's sentence is unreasonable. We have reviewed the district court's sentencing procedures

de novo and the reasonableness of the defendant's sentence for abuse of discretion. For the following reasons, we affirm.

## I. BACKGROUND

The defendant engaged in two fraudulent schemes, both of which were carried out in almost the exact same manner. First, in 2007, the defendant represented himself to be Chris Harper, the advertising manager of a registered Illinois corporation, Media Concepts. Then, in 2009, the defendant represented himself to be Chris Jenkins, the advertising manager of a Delaware corporation, Moyer Direct. Acting through these companies, the defendant contacted random individuals through mail, e-mail, and the telephone, ultimately convincing over 250 people to invest in Media Concepts' and Moyer Direct's monthly advertising campaigns. The defendant described these monthly advertising campaigns as "tested and proven," "absolutely safe," and "absolutely guaranteed" to at least double an investment within sixty days. In reality, neither Media Concepts nor Moyer Direct engaged in advertising campaigns, and the investors received only a rude awakening. The defendant, however, pocketed at least $804,709, which he used to buy gifts and luxury items.

In June 2009, a federal grand jury charged the defendant and his coconspirator, Gabriel A. Brown, in a six-count indictment for engaging in a scheme to defraud investors through the use of the United States mail. The defendant ultimately pleaded guilty to two counts of

mail fraud, and the district court sentenced him to
63 months in prison, the lowest possible sentence
within the advisory United States Sentencing Guideline
range. For unknown reasons, however, prosecutors
dismissed all charges against the coconspirator. The
defendant now appeals his sentence to this court,
asking that we vacate and remand for resentencing.

## II. DISCUSSION

The bulk of the defendant's arguments concern the
sentencing statute codified at 18 U.S.C. § 3553(a). In
relevant part, this statute states,

> (a) Factors to be considered in imposing a sen-
> tence.—The court shall impose a sentence sufficient,
> but not greater than necessary, to comply with the
> purposes set forth in paragraph (2) of this subsec-
> tion. The court, in determining the particular sen-
> tence to be imposed, shall consider—
>
>> (1) the nature and circumstances of the offense
>> and the history and characteristics of the defen-
>> dant;
>>
>> (2) the need for the sentence imposed—
>>
>>> (A) to reflect the seriousness of the offense, to
>>> promote respect for the law, and to provide
>>> just punishment for the offense;
>>>
>>> (B) to afford adequate deterrence to crim-
>>> inal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement . . .;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (2006). The defendant first challenges his sentence by focusing on the specific language of § 3553(a)(6), which we will refer to for clarity as "subparagraph (a)(6)." The defendant then centers his argument on all of the factors contained within § 3553(a) in general, which we will refer to either as "§ 3553(a)" or "§ 3553(a) generally."

### A. Consideration of a Coconspirator's Lack of Conviction Under Subparagraph (a)(6)

The defendant contends that the district court failed to follow proper sentencing procedures because it was implicitly required, or at least permitted, to consider a coconspirator's non-conviction and non-sentencing under subparagraph (a)(6). This is a question of law that we review de novo. *See United States v. Curby*, 595 F.3d 794, 796 (7th Cir. 2010).

Subparagraph (a)(6) requires courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The defendant concedes that on its face subparagraph (a)(6) contemplates the avoidance of sentencing disparities only among those individuals who have been convicted of and sentenced for similar crimes. Nevertheless, the defendant argues that courts are implicitly required, or at least permitted, to consider the non-conviction and non-sentencing of coconspirators under this subparagraph. He reasons that the general purpose of subparagraph (a)(6) is to avoid sentencing disparities, and there is no greater disparity than the one between a coconspirator who is sentenced and a coconspirator who is not even charged or convicted, let alone sentenced. The defendant is therefore arguing that the generally phrased purpose of subparagraph (a)(6) permits us to read a statute requiring conviction on its face as a statute that does not require conviction in application.

While we agree that subparagraph (a)(6) is aimed at reducing sentencing disparities, we decline to use a

broadly phrased purpose of the subparagraph as an opportunity to expand the reach of its clear, unambiguous, and narrowly phrased language. Instead, we remain true to our precedent, holding that in order for subparagraph (a)(6) to be applicable, the court must be presented with disparate sentences not among co-defendants or coconspirators but among judges or districts. *See, e.g.*, *United States v. Bartlett*, 567 F.3d 901, 907-08 (7th Cir. 2009); *United States v. Pisman*, 443 F.3d 912, 916 (7th Cir. 2006); *United States v. Boscarino*, 437 F.3d 634, 637-38 (7th Cir. 2006). We therefore find that there is no sentencing disparity in this case, noting additionally that there can be no disparity between the defendant's sentence and the coconspirator's sentence when the latter does not even exist. Accordingly, we affirm the district court, finding that the court properly refused to consider the coconspirator's non-conviction and non-sentencing under subparagraph (a)(6).

### B. Consideration of a Coconspirator's Lack of Conviction Under § 3553(a) Generally

The defendant argues that the district court erred when it held that it could not consider the coconspirator's lack of conviction and sentencing under § 3553(a) generally. However, the coconspirator here was not tried and acquitted; instead, the prosecutor dropped all charges against her. Thus, the defendant is not merely arguing that the district court should have considered the coconspirator's lack of conviction and sentencing; he is, more accurately, arguing that the court should have

considered the prosecutor's decision not to bring charges against the coconspirator in the first place. The issue presented to this court therefore involves a conflict between the judge's responsibility to avoid interfering with prosecutorial discretion and the judge's responsibility to consider relevant information under § 3553(a). *Compare United States v. Gil*, 9 F.3d 113, 113 (7th Cir. 1993) (stating that judicial review over a prosecutor's decision of when to prosecute and what sentence to recommend is generally improper) (citing *Wayte v. United States*, 470 U.S. 598, 607 (1985)) *with United States v. Jackson*, 547 F.3d 786, 792 (7th Cir. 2008) (noting that § 3553(a) factors "are broad, vague, and open-ended," leaving the sentencing judge with "considerable discretion to individualize the sentence to the offense and offender as long as the judge's reasoning is consistent with § 3553(a)") (quoting *United States v. Wachowiak*, 496 F.3d 744, 748 (7th Cir. 2007)). This is a question of law that we review de novo. *See Curby*, 595 F.3d at 796.

We begin our analysis by questioning, even under the admittedly broad language of § 3553(a), whether the prosecutor's unexplained decision for not prosecuting the coconspirator is relevant to the judge's determination of a just sentence for the defendant. For all we know, the prosecutor may have decided not to charge the coconspirator because she is a cooperating witness or because she is still under investigation, neither of which would be a reason to reduce the defendant's sentence. *See id.* at 562 n.13. We have expressed this same concern in other cases, noting that prosecutorial deci-

sions at the charging stage are particularly ill-suited to judicial review because factors such as "the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." *Rodriguez v. Peters*, 63 F.3d 546, 562 n.13 (7th Cir. 1995) (citing *Wayte*, 470 U.S. at 607). In this case, the motivations behind the prosecutor's charging decisions are unknown, undiscoverable, and thus favorable neither to the defendant's nor to the prosecutor's case. We therefore cannot say that the prosecutor's decision to refrain from charging the coconspirator was relevant during the defendant's sentencing hearing, even under the broad language of § 3553(a).

Putting our concerns with relevance aside, however, we reject the notion that a court may consider the coconspirator's lack of conviction under § 3553(a) because holding otherwise would deprive prosecutors of the opportunity to exercise any meaningful prosecutorial discretion in coconspirator cases. Under our system of separation of powers, prosecutors retain broad discretion to enforce criminal laws because they are required to help the President "take Care that the Laws be faithfully executed." U.S. Const., Art. II, § 3; *see United States v. Armstrong*, 517 U.S. 456, 464 (1996). In order to ensure that prosecutorial discretion remains intact and firmly within the province of the Executive, judicial review over prosecutorial discretion is limited. *See e.g.*, *United States v. Woods*, 576 F.3d 400, 409 (7th Cir. 2009) (explaining

that "[t]here is nothing that this court either could or should do about the prosecutorial discretion that is exercised at the charging state"); *United States v. Moore*, 543 F.3d 891, 899-900 (7th Cir. 2008); *In re United States*, 503 F.3d 638, 641 (7th Cir. 2007); *United States v. Roberson*, 474 F.3d 432, 434 (7th Cir. 2007); *Armstrong*, 517 U.S. at 464; *Rodriguez*, 63 F.3d at 562 n.13. The United States Supreme Court described the interplay between judicial review and prosecutorial discretion in *Wayte v. United States*:

> In our criminal justice system, the Government retains "broad discretion" as to whom to prosecute. *United States v. Goodwin*, 457 U.S. 368, 380, n. 11, 102 S.Ct. 2485, 2492, n. 11, 73 L.Ed.2d 74 (1982); *accord, Marshall v. Jerrico, Inc.*, 446 U.S. 238, 248, 100 S.Ct. 1610, 1616, 64 L.Ed.2d 182 (1980). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978). This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake. Judicial supervision in this area,

moreover, entails systemic costs of particular concern. Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy. All these are substantial concerns that make the courts properly hesitant to examine the decision whether to prosecute.

470 U.S. at 607. Reflecting this framework, our case law embodies the long-settled principle that we safeguard prosecutorial discretion by shielding it from judicial review that either forces the prosecutor to act in a prescribed manner or penalizes the prosecutor for acting in his preferred manner.

The defendant does not quarrel with our understanding of prosecutorial discretion. Instead, he argues that in this case judicial discretion and prosecutorial discretion may exist in harmony: while the prosecutor has the discretion to refrain from charging a coconspirator, the court has the discretion to consider the non-charging as a relevant factor under § 3553(a). According to the defendant, therefore, the exercise of judicial discretion at the sentencing phase may actually encompass an examination into prosecutorial decisions at the charging stage. We disagree. If we were to adopt the defendant's argument, a prosecutor would be effectively required to always charge all coconspirators—regardless of the wisdom of that choice—simply to prevent the court from using the prosecutor's discretion in one case

against the prosecutor in another case. This essentially forces the hand of the prosecutor or penalizes him for exercising his discretion in the manner that he chose, leaving the prosecutor with no meaningful discretion at all. The defendant's theory thus allows not for the harmonious exercise of two different discretions but only one: the court's. We therefore affirm the district court, holding that consideration of the coconspirator's non-charging, non-conviction, and non-sentencing under § 3553(a) would improperly hinder the exercise of prosecutorial discretion.

### C.   The Reasonableness of the Defendant's Sentence

Alternatively, the defendant argues that he is entitled to resentencing because (1) the district court inadequately explained his sentence, and (2) the district court never ruled on whether the coconspirator's lack of conviction could be considered under § 3553(a), which constitutes a failure to rule on a non-frivolous argument. These two arguments are related in that they both suggest that the district court made too little findings (or indeed none at all) when fashioning a proper sentence for the defendant. Although the defendant never articulated the legal theory under which these arguments entitle him to resentencing, we presume he intended to argue that his sentence is unreasonable,

which we review for abuse of discretion.[1] *Rita v. United States*, 551 U.S. 338, 351 (7th Cir. 2007).

### 1. The District Court's Explanation of the Defendant's Sentence

When reviewing a sentence for reasonableness, we must first ensure that the sentencing judge did not commit any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Jackson*, 547 F.3d 786, 792 (7th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Once we find that the sentence is procedurally sound, we then determine whether the defendant's sentence was substantively reasonable. *Id.* at 792. In this case, the defendant does not challenge the substantive reasonableness of his sentence, and we will therefore address only

---

[1] We assume that the defendant intended to challenge his sentence as unreasonable both because his briefs cite only those cases dealing with the reasonableness of sentences and because his argument proceeds as a typical reasonableness challenge. Brief of Defendant-Appellant at 18-23; Reply Brief of Defendant-Appellant at 2-6. *See Rita v. United States*, 551 U.S. 338, 351 (7th Cir. 2007); *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Cunningham*, 429 F.3d 673, 675-79 (7th Cir. 2005).

whether the district court followed proper sentencing procedures.

The defendant argues that the district court committed procedural error during the sentencing hearing when it (1) refused to consider his coconspirator's lack of conviction under subparagraph (a)(6) and § 3553(a) generally, and (2) failed to adequately explain his sentence. Because we have already rejected the first argument *(supra* Part B), we turn directly to the defendant's second argument.

At the time of sentencing, the judge is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c); *Rita*, 551 U.S. at 356. The brevity or length of the judge's explanation depends on the circumstances of the case, but "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita*, 551 U.S. at 356. By articulating reasons for the sentence, the sentencing court assures itself, the public, and reviewing courts that the sentencing process is a reasoned process. *Id*. at 358.

Contrary to the defendant's characterization of the sentencing hearing, even a cursory glance at the record reveals that the judge proffered many reasons for the defendant's sentence:

> In determining the sentence to impose, the court, of course, must take into account the sentencing factors. . . . I have to take into account the seriousness of the offense, promote respect for the law, and the sentence must provide just punishment. The sentence

must also provide a deterrent to crimes, not only to Mr. Scott but also to others. The public has to be protected from future crimes by this defendant, and hopefully the appropriate sentence will deter him in the future. . . .

Taking that into account, I have sat here and looked at the innumerable number of letters, of course, that have come in on his behalf, but I have also, the court has also received letters from some of the victims, and those victims' lives have been affected tremendously. . . .

The letters that I've received from the family and friends and the certificates of the completion of courses that [the] defendant has taken while he's [been] incarcerated indicate to this court that Mr. Scott has taken, fortunately, some meaningful steps towards realizing what he did was wrong, and that hopefully has begun to aid in his rehabilitation so that once he is released from incarceration he will not engage in this conduct again.

The court simply, however, cannot impose a sentence on you, Mr. Scott, based solely on all the favorable thoughts that were contained in all those letters. . . .

In listening to everything I've heard this morning and reading all of the submissions, it's clear that the offense is extremely serious. Mr. Scott, you bilked hundreds of thousands of dollars from innocent investors who trusted you. They entrusted their money in you. Unfortunately, your fraud was not

just one single, simple act, but you had two schemes . . . .

. . . The interesting thing about this and the sad thing about this whole situation is that this scheme was very thoughtfully put together and carried out. As I understand it, letters were sent to thousands upon thousands of individuals soliciting investments in these two fraudulent schemes. False representations were made, and false promises were made.

Transcript of Sentencing Hearing, 46-47, *United States v. Scott*, (2010) (No. 09 CR 548). The judge explicitly acknowledged the importance of the defendant's repentance, family support, and scholastic achievements, but she then explained why the defendant's fraudulent schemes were too serious to warrant a departure from the advisory Guideline range. *See United States v. Williams*, 425 F.3d 478 (7th Cir. 2005). We find this explanation adequate because it explained why the defendant was sentenced within the Guideline range, albeit at the lowest possible end. To the extent that the defendant faults the district court for failing to rule on every § 3553(a) factor, it was not required to do so. *See United States v. Cutler*, 259 Fed. Appx. 883, 888 (7th Cir. 2008). Instead, as required, the record as a whole indicates that the judge heard and considered all the arguments. *Id.;* Transcript of Sentencing Hearing, at 46-60 (The judge stated that she had "heard it all."); *Cutler*, 259 Fed. Appx. at 888. We therefore affirm the district court on this issue, finding no procedural error.

## 2. The District Court's Rulings on Non-Frivolous Arguments

When a defendant makes a non-frivolous argument for imposing a sentence below the Guideline range, the sentencing court will usually explain why it has rejected that argument. *Rita*, 551 U.S. at 357. *See also United States v. Kilgore*, 591 F.3d 890, 893 (7th Cir. 2010) (stating that "[i]n determining a reasonable sentence, the district court need not comprehensively discuss all of the 18 U.S.C. § 3553(a) factors, but must explain its decision and address non-frivolous sentencing arguments") (citing *United States v. Villegas-Miranda*, 579 F.3d 798, 801 (7th Cir. 2009)); *United States v. Cunningham*, 429 F.3d, 679 (7th Cir. 2005). According to the defendant, he is entitled to resentencing because the district court failed to rule on a non-frivolous argument when it refused to rule on whether it could consider the coconspirator's lack of conviction under § 3553(a). We disagree.

At best, the transcript of the sentencing hearing reveals that Scott merely alluded to § 3553(a), often bouncing between specific references to subparagraph (a)(6) and general references to § 3553(a) with no apparent distinction.[2] In response to the defen-

---

[2] Take for example the following exchange:

Prosecutor: We're going around and around, and I'll just offer again the observation that [Brown] doesn't count [*under subparagraph (a)(6)*] where she's not a defendant who's been charged in this case.

(continued...)

dant's cluttered arguments, the district court judge assured counsel that she had "heard it all," made some explicit holdings, and explained the defendant's sentence. Transcript of Sentencing Hearing, at 46-47, 60. This was sufficient. The extent to which the court failed to make a more explicit holding under § 3553(a), as the defendant apparently desired, is a direct result of the defendant's failure to more clearly place his argument before the district court. While the district court might have been required to issue a more explicit ruling on this issue had Scott more expressly raised it, Scott's veiled references to § 3553(a) did not obligate the district court to address this issue more directly. *Cf. Gall*, 552 U.S. at 54 (explaining that where a party fails to raise

---

[2] (...continued)

> The Court: That's my interpretation of it. In any event, are there any others?

> Defense Counsel: I will say it's *not mandatory that Your Honor count her under the 3553(a) factors*, but you certainly should count her in determining what is a fair and reasonable sentence in this case.

> The Court: Okay. Are there *any other* legal issues that you would like to address?

> . . . .

> Prosecutor: I anticipate their *3553(a) arguments* are coming, and I'll wait and address those. I think on this *other issue regarding subparagraph 6,* the Court has indicated that it's heard enough.

*Id.* at 30-31.

an issue, the judge is under no obligation to raise the issue itself and then issue a ruling). Accordingly, we find that although the defendant's argument was not frivolous, the district court sufficiently addressed the defendant's argument. We therefore affirm the district court, finding that the court adequately ruled on the defendant's non-frivolous arguments and that the defendant's sentence was reasonable.

### III. CONCLUSION

The district court properly refused to consider the defendant's coconspirator argument under subparagraph (a)(6) because his coconspirator was never convicted or sentenced. Likewise, the district court properly refused to consider the coconspirator's lack of conviction under § 3553(a) because (1) the coconspirator's non-conviction was irrelevant, and (2) allowing the court to use the prosecutor's exercise of discretion in the coconspirator's case against him during the sentencing phase of the defendant's case would essentially leave the prosecutor with no discretion at all. Finally, the defendant's sentence is reasonable because (1) the district court adequately explained the defendant's sentence, taking into account all relevant factors, and (2) the defendant's references to § 3553(a) during the sentencing hearing did not require the district court to issue a more explicit ruling on the defendant's § 3553(a) argument. Finding no error, we AFFIRM the defendant's sentence.

WILLIAMS, *Circuit Judge*, concurring. The sentencing judge took Scott's arguments into account and adequately explained the reasons for the sentence she imposed, and the judgment should be affirmed for that reason. I write separately to note my disagreement with the unnecessary position the majority takes that a district judge can never consider arguments relating to an unindicted coconspirator under 18 U.S.C. § 3553(a). The parties did not even brief that issue, and it is unnecessary to the resolution of this appeal.

This is a straightforward case: Scott claims he made an argument regarding his unindicted coconspirator that was not taken into account by the judge as a § 3553(a) consideration when it should have been. The conclusion is also straightforward: Scott did fairly (if inartfully) make such an argument under the rubric of § 3553(a), the argument was not frivolous, and the judge adequately addressed it. Having so ruled, there is no need to go further and posit that sentencing courts can *never* take an argument regarding an unindicted conspirator into account under their broad § 3553(a) discretion.

I concur in the judgment because I believe that Scott's arguments were adequately considered and addressed by the district court under § 3553(a). The disposition of this case does not hinge on any holding beyond that.