# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-2426

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

SCOTT SCHLUETER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:09-cr-30126—**Michael J. Reagan**, *Judge.*

ARGUED JANUARY 25, 2011—DECIDED MARCH 10, 2011

Before KANNE, EVANS, and WILLIAMS, *Circuit Judges.*

EVANS, *Circuit Judge.* For almost three years Scott
Schlueter, a registered broker-dealer, engaged in a fraud-
ulent investment scheme and bilked several people
who trusted him out of more than $300,000. He pleaded
guilty to securities fraud, *see* 15 U.S.C. § 77q, mail fraud,
*see* 18 U.S.C. § 1341, and wire fraud, *id.* § 1343. The
district judge concluded that the agreed guideline range
of 33 to 41 months failed to adequately account for the

harm Schlueter's fraud caused his victims (or the egregiousness of his conduct) so he sentenced him to serve a term of 48 months. Schlueter, who asked for a sentence of 24 months, appeals arguing that his sentence is unreasonable.

The targets of Schlueter's fraud were people he knew as friends. He admits that rather than investing money on their behalf in what he claimed were no-risk investments, he instead pocketed the proceeds, only occasionally paying out interest. For example, Schlueter solicited funds from his friends, the Watersons, both of whom are of retirement age (it's unclear whether they were actually retired), and convinced them to invest close to $280,000 in a nonexistent fund. Mr. Waterson, who at the time was 75 years old, testified at sentencing that Schlueter put an additional $300,000 into annuities that Mr. Waterson can't reach without penalty until he is 98, contrary to Mr. Waterson's direction that the money be accessible within a year. The Watersons and Schlueter were friends for ten years, shared meals together, and spent time with each other's families, yet, Mr. Waterson said, when he confronted Schlueter about the funds, Schlueter treated him "like [he] was a dog." Mr. Waterson told the district judge that because of Schlueter's grift, Mr. Waterson had to return to work and couldn't help his son save his home from foreclosure. Additionally, he and his wife explained in their victim-impact statement, they could not make improvements to their own house, buy a coveted motor home, or go shopping.

Schlueter also admitted scamming a woman named Staley out of about $40,000. Schlueter, a friend of Mrs. Staley's late husband, convinced her to invest the money she received from her husband's life insurance policy in a fictional real estate deal. Schlueter promised her $750 every two months in interest payments; she received only three payments after she parted with the $40,000. As a result of Schlueter's fraud, she had to take on a second job. The probation officer, in the presentence report, noted that Schlueter conned another couple, also friends, out of $23,000, soliciting them to invest in nonexistent, no-risk funds.

The probation officer calculated Schlueter's base offense level at 7, *see* U.S.S.G. § 2B1.1(a)(1), added 12 levels because the total loss was more than $200,000 but less than $400,000, *see id.* § 2B1.1(b)(1)(G), added 4 levels because Schlueter was a registered broker-dealer who had violated the securities laws, *see id.* § 2B1.1(b)(17)(A), and deducted 3 levels for acceptance of responsibility, *see id.* § 3E1.1(a)-(b). Schlueter had no criminal history, so the guideline range was 33 to 41 months' imprisonment. Schlueter did not object to any of the information in the presentence report, and the government didn't ask for any additional adjustments.

Schlueter argued for a 24-month sentence because of his difficult childhood (the judge noted that he had a "lousy relationship with his parents and family that continues to this day") and, among other things, because he suffered from alcoholism. But the government advocated a sentence within the guideline range be-

cause Schlueter defrauded vulnerable victims, including an elderly couple on the verge of retirement and a new widow.

As we said, the district judge settled on a sentence of 48 months. The judge determined that the guideline range did not adequately account for the severe impact that Schlueter's fraud had on the victims and the abject nature of the offense. The judge was also concerned that Mr. Waterson, at 75 years old, would have to return to work. And had it not been for Schlueter's deception, the judge continued, Mr. Waterson would have been able to retire, remodel his home, buy a motor home, take his wife shopping, and help his son prevent foreclosure. The judge further observed that the guidelines didn't account for Schlueter's treatment of Mr. Waterson when he approached him about the missing money; Schlueter "kicked him to the curb." The judge was also troubled by the fact that Schlueter swindled a widow out of her insurance money. Despite Schlueter's "lousy life," the judge thought these facts warranted a sentence above the guideline range. A lesser sentence, the judge stated, would not provide just punishment, deter him or others from committing similar conduct, or promote respect for the law.

Schlueter argues that the judge committed procedural error by failing to adequately explain the reason for imposing the above-range sentence. The procedural error, he argues, was that the judge incorrectly stated that the guidelines failed to take into account circumstances that are, in fact, provided for in the guidelines.

Specifically, Schlueter points to the adjustment allowed for vulnerable victims, *see* U.S.S.G. § 3A1.1(b), and departures for extreme psychological injury, *see id.* § 5K2.3, property damage or loss, *see id.* § 5K2.5, and extreme conduct, *see id.* § 5K2.8. (*Id.*)

A judge commits a procedural error at sentencing if he calculates the guidelines incorrectly, treats the guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, or inadequately explains the chosen sentence. *Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Scott*, 555 F.3d 605, 608 (7th Cir.), *cert. denied,* 130 S. Ct. 341 (2009). The guidelines allow for an upward variance if the offense level substantially understates the seriousness of the offense. *See* U.S.S.G. §§ 2B1.1 cmt. 19, 5K2.0(a)(3). While an above-range sentence must be adequately explained, the judge need not provide an extraordinary or compelling justification. *United States v. Brown*, 610 F.3d 395, 398 (7th Cir. 2010); *United States v. Angle*, 598 F.3d 352, 359 (7th Cir. 2010).

Here the judge's explanation was more than adequate. He found that an above-range sentence was appropriate because Schlueter conned not just vulnerable victims out of large sums of money, but because he took advantage of personal relationships to cheat them out of significant sums they needed at critical stages of their lives. His victims, an elderly couple preparing for retirement and a recent widow whom he preyed on based on his relationship with her dead husband, could not be more sympathetic. *See United States v. Straw*, 616 F.3d 737, 744 (8th Cir. 2010) (upholding as reasonable

district court's above-range sentence for defendant who committed fraud and forged a security because guidelines did not account for targeting victims close to retirement); *United States v. Rajwani*, 476 F.3d 243, 250 (5th Cir. 2007) (upholding district court's above-range sentence where victims of defendant's fraud had limited financial means, amount of loss represented much of victims' life savings, and victims suffered physical manifestations of emotional harm). The court also referenced Schlueter's degrading treatment of the elderly Mr. Waterson as a factor unaccounted for in the guidelines. *See United States v. Bohanon*, 290 F.3d 869, 876 (7th Cir. 2002) (upholding district court's above-range sentence for defendant who sent humiliating and threatening letters to victims' neighbors).

Additionally, we note that Schlueter's sentencing range could have been higher. A two-level adjustment under U.S.S.G. § 3A1.1(b)(1) for targeting vulnerable victims would have been appropriate here because Schlueter scammed a recent widow and an elderly, retired couple. *See United States v. Hawes*, 523 F.3d 245, 255 (3d Cir. 2008); *United States v. Sims*, 329 F.3d 937, 944 (7th Cir. 2003); *United States v. Rumsavich*, 313 F.3d 407, 412 (7th Cir. 2002); *United States v. Parolin*, 239 F.3d 922, 926-27 (7th Cir. 2001); *United States v. Harris*, 38 F.3d 95, 99 (2d Cir. 1994). Had the judge applied a vulnerable victim adjustment, Schlueter's sentencing range would have been 41 to 51 months, and his 48-month sentence, on appeal, would have been entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608

(7th Cir. 2005). Although the judge didn't apply the adjustment, its availability also supports the reasonableness of the 48-month sentence and the necessity of the sentence to effectuate the aims of 18 U.S.C. § 3553(a).

For these reasons, the judgment of the district court is AFFIRMED.