In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-2748

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EFRAIN GARCIA-OLIVEROS, a/k/a
MIGUEL ANGEL OLIVEROS-LEON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 09 CR 988-1—**Blanche M. Manning**, *Judge*.

ARGUED MARCH 1, 2011—DECIDED APRIL 29, 2011

Before KANNE, ROVNER, and WOOD, *Circuit Judges*.

PER CURIAM. Efrain-Garcia Oliveros pleaded guilty to being in the United States without authorization after removal, 8 U.S.C. § 1326(a). In a written submission and at sentencing, he requested a prison term below the guidelines range on the grounds that his criminal history category is overstated, and that his reasons for returning to this country mitigate his illegal reentry. The

district court sentenced Garcia-Oliveros to 46 months in prison, the bottom of the guidelines range, but did not comment on his arguments in mitigation or give any explanation for the choice of sentence. On appeal Garcia-Oliveros principally argues, and the government concedes, that the district court needed to say more to explain its sentence. Accordingly, we remand for resentencing.

Garcia-Oliveros first entered the United States illegally in 1996 or 1997, when he was 18. He followed his parents, who came earlier and settled in Cary, Illinois. In 2004 he was convicted of driving under the influence (as well as obstruction of justice for lying to police about his identity). While on bond for that offense, Garcia-Oliveros was arrested for selling about 10 grams of cocaine to an undercover police officer. He pleaded guilty to delivery of a controlled substance, a felony, and was sentenced to 42 months' imprisonment. He was paroled after a little more than a year and removed to Mexico in November 2005.

In late 2009 federal agents learned from an informant that Garcia-Oliveros had returned to the United States and was living with his parents. On December 6, 2009, immigration authorities arrested him at the car wash where he was employed. That same day agents executed a search warrant at his parents' home, where they found a rusted but functional assault rifle in the garage, and a magazine and ammunition for the gun in Garcia-Oliveros's bedroom. No charge relating to the gun was brought against Garcia-Oliveros.

After Garcia-Oliveros pleaded guilty to the immigration crime, a probation officer calculated a total offense level of 21, a Category III criminal history, and a guidelines imprisonment range of 46 to 57 months. The offense level incorporates a 16-offense level increase under U.S.S.G. § 2L1.2(b)(1)(A)(i) because Garcia-Oliveros had been sentenced to more than 13 months on his 2004 drug offense. At sentencing he did not contest the probation officer's calculations, but, as he had done already in a written submission, Garcia-Oliveros argued for a sentence below the guidelines imprisonment range on the grounds that the 16-level increase under § 2L1.2(b)(1)(A)(i) is excessive in his case, and that he was motivated to return to the United States illegally because he faced poverty in Mexico and was needed in Illinois to help care for his ailing father and support the family. The sentencing judge listened to defense counsel's presentation without comment, aside from briefly asking about Garcia-Oliveros's family and stating that she would read letters of recommendation he had offered to the court. But in pronouncing a sentence within the guidelines range, and in her written statement of reasons, the judge did not explain what considerations had influenced her sentencing decision or, in particular, what she thought about Garcia-Oliveros' arguments in mitigation.

A sentencing court commits procedural error by not adequately explaining its choice of sentence. *United States v. Schlueter*, ___ F.3d ___, 2011 WL 814995, at *2 (7th Cir. Mar. 10, 2011); *United States v. Scott*, 631 F.3d 401, 408 (7th Cir. 2011); *United States v. West*, 628 F.3d 425, 431 (7th

Cir. 2010). A statement of reasons not only informs our review of the sentence, but also promotes "the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). A sentencing court is not required to explain its view on every argument in mitigation or aggravation, *United States v. Miranda*, 505 F.3d 785, 792 (7th Cir. 2007); *United States v. Acosta*, 474 F.3d 999, 1003 (7th Cir. 2007), but in this instance the district court did not address any of Garcia-Oliveros's arguments or give any reason at all to explain the prison sentence imposed.

We have recognized that the need for explanation typically is diminished when a sentence falls within the guidelines range, *United States v. Curby*, 595 F.3d 794, 797 (7th Cir. 2010); *United States v. Harris*, 567 F.3d 846, 854 (7th Cir. 2009), or when the arguments in mitigation are obviously without merit or so routine as to be "stock," *United States v. Gary*, 613 F.3d 706, 710 (7th Cir. 2010); *United States v. Pulley*, 601 F.3d 660, 667 (7th Cir. 2010); *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2007). The factors offered in mitigation here—economic hardship, family circumstances, and the severity of a 16-level increase under § 2L1.2(b)(1)(A)(i)—are not unusual. *See United States v. Moreno-Padilla*, 602 F.3d 802, 810-14 (7th Cir. 2010); *United States v. Aguilar-Huerta*, 576 F.3d 365, 367-69 (7th Cir. 2009); *United States v. Martinez*, 520 F.3d 749, 753 (7th Cir. 2008); *Tahzib*, 513 F.3d at 695. Even so, the district court still was required to explain why its choice of 46 months is appropriate in light of the factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3553(c); *Miranda*, 505 F.3d at 792; *United States v. Robinson*, 435 F.3d 699, 700-01 (7th Cir. 2006). The record before us is too thin to discern

the considerations which motivated the district court's sentencing decision. In light of the sentencing judge's complete silence, we accept the government's confession of error and remand this case for resentencing.

Garcia-Oliveros' sentence is VACATED, and the case is REMANDED for resentencing.