NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 12, 2011
Decided August 31, 2011

*Before*

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1303

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 10-30060-001 |
| TIMOTHY D. AKINS, *Defendant-Appellant*. | Richard Mills, *Judge*. |

**O R D E R**

Timothy Akins twice sold heroin to an informant in May 2010. Agents then obtained a warrant to search his home. They found 19.5 grams of heroin, drug paraphernalia, a handgun, and cash. Akins was arrested and charged with possessing heroin with intent to distribute, 21 U.S.C. § 841(a)(1), and the government filed an enhancement information, which raised the maximum prison term for this offense to 30 years, *id*. §§ 841(b)(1)(C), 851. Akins pleaded guilty and was sentenced within the guidelines range to 188 months. On appeal Akins argues that the district court applied an impermissible presumption of reasonableness to a sentence within the guidelines range. He additionally contends that the court failed to consider his arguments in mitigation. Because the record does not support Akins's claims of procedural error, we affirm the judgment.

At sentencing the district court concluded that Akins is a career offender, *see* U.S.S.G. § 4B1.1(a), based on two Illinois convictions for a crime of violence and a third Illinois conviction for a controlled substance offense. Akins had pleaded guilty to robbery in 1992 and to aggravated discharge of a firearm in 1993. He served time and was on parole for both offenses when he violated the terms of his parole and was reimprisoned; the sentence for each conviction was fully discharged in 1996. Since that time Akins has been convicted of four drug offenses, as well as domestic battery, aggravated battery, trespass, and unlawful use of a weapon. Even apart from his status as a career offender, Akins's extensive criminal history places him in Category VI. With his total offense level of 31, Akins faced an imprisonment range of 188 to 235 months.

The district court noted that it had reviewed a handwritten letter from Akins and the sentencing memorandum filed by his lawyer and then listened to both parties' views about the appropriate sentence. Defense counsel argued for a prison term of 144 months on the premise that Akins's convictions from 1992 and 1993 "barely" counted as part of his criminal history because of their age. Without those convictions, said counsel, the career-offender guideline would not apply and Akins's range would be 41 to 51 months. Counsel also observed that Akins's statutory maximum under § 841(b)(1)(C) and his corresponding guidelines range would have been lower if the government had not filed the § 851 enhancement, which, counsel argued, caused a sentencing disparity among Akins and other defendants convicted of drug crimes. The government replied that a sentence within the guidelines range was necessary to account for Akins's extensive criminal history, but argued for a term at the bottom of that range.

After listening to the parties, the court explained its conclusion that a guidelines sentence was appropriate in this case:

> Mr. Akins, the record that you have amassed is certainly an impressive one. That is your criminal history. Now, there's no doubt that you have a criminal history number of points at 24. This is almost double a Category VI. Almost double. It's 13, so that would be 26, you're just two points off of a double Category VI.
>
> Now, the guidelines are just that, guidelines for the sentencing judges. And the record cannot be ignored.
>
> Normally we begin at the middle of the guideline range, go up further if there are aggravating factors, or if there are mitigating factors we go down. So we're talking a spread here of 188 months to 235. That's a 47 month spread. And the Government has asked for the minimum under the

guidelines, 188. And Mr. Wilmouth on your behalf has asked for 144. That's 44 months difference.

But we simply cannot ignore your background and the criminal history you have presented to us. It can't be ignored.

So I'm going to sentence you to the minimum number under the guidelines, 188 months. And that is giving you credit for having entered a plea of guilty here. And not put the Government through the expense or the time, or the Court, to a trial.

The court imposed a sentence of 188 months, and in its written statement of reasons listed "punishment and deterrence" as further explanation.

Akins argues on appeal that the district court's reference to starting "at the middle of the guidelines range" evidences that the court applied an impermissible presumption of reasonableness to that range. Additionally, Akins insists that the court failed to consider his contentions that the convictions making him a career offender are "stale" and that the § 851 enhancement created a sentencing disparity between him and other similar defendants. Neither of these appellate claims is substantiated by the record.

As to the first, the record as a whole suggests that the district judge followed the Supreme Court's admonishment that "the Guidelines should be the starting point and the initial benchmark" when calculating a term of imprisonment. *Gall v. United States*, 552 U.S. 38, 49 (2007). The district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). In making this determination, a district court "may not presume that the guidelines range is reasonable," *Gall*, 552 U.S. at 49-50, but "the judge will use the Guidelines range as the starting point in the analysis," *Freeman v. United States*, 131 S. Ct. 2685, 2691 (2011).

Despite the district court's statement that "[n]ormally we begin at the middle of the guideline range," the rest of the transcript shows that the court did not give undue weight to the guidelines. The court stated that it understood "the guidelines are just that, guidelines for the sentencing judges." After calculating the imprisonment range, the court addressed Akins's request for a sentence that was 44 months below the low end. The court expressed concern about the extent of Akins's criminal history; if anything, a Category VI criminal history understates Akins's past crimes, since he had amassed almost double the criminal history points needed to reach Category VI. The court concluded that "we simply cannot ignore your background and the criminal history you have presented to us," and then

imposed a sentence at the bottom of the range. This explanation shows that the court did not mechanically start in the middle of the range—if it had, the court would have *increased* Akins's sentence from the midpoint based on his extensive criminal history. Instead, the court simply showed awareness of the guidelines range as it weighed but rejected Akins's arguments for a sentence below that range. *See United States v. Kirkpatrick*, 589 F.3d 414, 416 (7th Cir. 2009) (explaining that, before district court exercises discretion to reject Sentencing Commission's recommendation, "the judge should know what that recommendation is, and thus how [defendant's] sentence will compare with the punishment of similar persons elsewhere").

We have characterized as "unobjectionable" a district judge's acknowledgment that he is exercising his discretion under *United States v. Booker*, 543 U.S. 220 (2005), by "electing to impose a guideline sentence in [the] particular case unless the defendant could persuade him otherwise." *United States v. Schmitt*, 495 F.3d 860, 865 (7th Cir. 2007). Thus, we will not assume that the judge was impermissibly presuming a guidelines sentence to be reasonable unless the judge said something akin to placing a "thumb on the scale" in favor of the guidelines. *See United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007). For example, in *United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010), we ordered resentencing where the district court had stated that the statutory scheme "is presumptively reasonable." And in *United States v. Johnson*, 635 F.3d 983, 988-89 (7th Cir. 2011), we were troubled by the sentencing judge's speculation that the defendant might gain some relief from a change to the guidelines and by the court's statement that it was imposing a sentence within the guidelines range "regrettably." The district court's comments here, even taken in isolation, do not rise to that level. We have rejected arguments like Akins's in situations where the sentencing judge concluded that the guidelines were reasonable in the particular case, *see United States v. Coopman*, 602 F.3d 814, 817 (7th Cir. 2010); *United States v. Allday*, 542 F.3d 571, 573-74 (7th Cir. 2008); *United States v. Diaz*, 533 F.3d 574, 576-77 (7th Cir. 2008), or said that it was up to the defendant to show that the guidelines were inappropriate, *see United States v. Hurt*, 574 F.3d 439, 443 (7th Cir. 2009); *United States v. Smith*, 562 F.3d 866, 872 (7th Cir. 2009) (affirming sentence despite judge's remarks that he had "to go back to the guidelines" and that defendant "better tell me why the guidelines are improper").

Akins's additional contention that the district court did not address his arguments in mitigation also fails. A sentencing court must give an adequate statement of reasons, consistent with 18 U.S.C. § 3553(a), but the need for explanation often is diminished if the court imposes a sentence within the guidelines range. *See United States v. Scott*, 631 F.3d 401, 408 (7th Cir. 2011); *United States v. Figueroa*, 622 F.3d 739, 744 (7th Cir. 2010); *United States v. Harris*, 567 F.3d 846, 853-54 (7th Cir. 2009). And mitigating arguments that are clearly without merit or so routine as to be "stock" can be passed over in silence. *See United States v. Garcia-Oliveros*, 639 F.3d 380, 382 (7th Cir. 2011); *United States v. Hall*, 608 F.3d 340, 347 (7th

Cir. 2010); *United States v. Young*, 590 F.3d 467, 474 (7th Cir. 2009); *United States v. White*, 582 F.3d 787, 798 (7th Cir. 2009); *United States v. Tahzib*, 513 F.3d 692, 694-95 (7th Cir. 2008).

This last point applies readily to both of Akins's pleas for a lower sentence. His contention that his 1992 and 1993 convictions "barely" counted and thus exaggerated his criminal history category is an example of the "stock" arguments that require no response from a sentencing court. *See Garcia-Oliveros*, 639 F.3d at 382; *United States v. Moreno-Padilla*, 602 F.3d 802, 811-12 (7th Cir. 2010); *Tahzib*, 513 F.3d at 694-95. Akins did not object to the use of these convictions in the presentence report, nor should he have; because his incarceration for those convictions extended until 1996, he served his terms of imprisonment within 15 years of the commencement of his May 2010 offense. *See* U.S.S.G. § 4A1.2(e)(1); *Moreno-Padilla*, 602 F.3d at 807-808; *United States v. Souffront*, 338 F.3d 809, 833 (7th Cir. 2003). Likewise, Akins's contention that he should receive a break to compensate for the government's resort to § 851 also was too routine to require comment. Akins never challenged the validity of the prior convictions, *see* 21 U.S.C. § 851(c), and the prosecutor's reliance on those convictions to seek an enhancement under § 851 did not create an unwarranted disparity, *United States v. LaBonte*, 520 U.S. 751, 761-62 (1997); *United States v. Crayton*, 357 F.3d 560, 572 (6th Cir. 2004); *United States v. Hernandez*, 79 F.3d 584, 599-600 (7th Cir. 1996).

Thus, the district court was not required to explain its rejection of Akins's arguments in mitigation, but the court did respond anyway. According to Akins, the court "did not indicate in open court that counsel's principal arguments were outweighed by the defendant's criminal history, which was too serious to warrant a variance from the advisory Guideline range." But the district court did almost precisely that. Akins's arguments amounted to a contention that the guidelines range overstates his criminal history. And while the district court did not explicitly state that it was addressing this contention, the court relied on Akins's criminal history to justify the sentence. The court also cited the need for punishment and deterrence in its statement of reasons, which we review along with the sentencing transcript. *See United States v. Pape*, 601 F.3d 743, 747 (7th Cir. 2010); *United States v. Baker*, 445 F.3d 987, 991-92 (7th Cir. 2006). And we can conclude from the record that the court rejected Akins's arguments for leniency because of his criminal history. *See United States v. Curby*, 595 F.3d 794, 796-97 (7th Cir. 2010) (affirming sentence, despite district court's terse discussion of defendant's argument in mitigation, where it was "apparent from the record" that court rejected defendant's plea for leniency "because of his extensive criminal history").

For the foregoing reasons, we **AFFIRM** Akins's sentence.