NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 17, 2014
Decided January 17, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-1288

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:12CR40055-002-JPG |
| CHRISTOPHER D. NORRIS, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

Christopher Norris pleaded guilty to conspiracy to manufacture methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 846, and was sentenced within his calculated guidelines range to 216 months' imprisonment. Norris appealed, but his appointed counsel has concluded that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Norris has not responded to his counsel's submission. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate submission. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Norris has informed his lawyer that he does not wish to challenge his guilty plea, so counsel properly omits any discussion about the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel first considers whether Norris could argue that the district court miscalculated his guidelines range. We agree with counsel that such a challenge would be frivolous. Norris waived any challenge to the calculations when he confirmed at sentencing that he had the opportunity to read the presentence report, knew of his right to object to its contents, and stated that he had no objections. *See United States v. Jones*, 635 F.3d 909, 915 n.6 (7th Cir. 2011); *United States v. Brodie*, 507 F.3d 527, 531 (7th Cir. 2007).

We also agree with counsel that it would be frivolous to challenge the reasonableness of Norris's 216-month sentence. Norris's term is within the properly calculated guidelines range (188 to 235 months) and thus presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Marin-Castano*, 688 F.3d 899, 905 (7th Cir. 2012). Counsel proposes only one reason that could disturb that presumption: the district court disregarded Norris's argument that his sentence should be consistent with the 121-month sentence imposed on his brother, a coconspirator, to avoid any "unwarranted disparity." *See* 18 U.S.C. § 3553(a)(6). But § 3553(a)(6) applies to disparate sentences issued among judges or districts, not codefendants or conspirators. *United States v. Grigsby*, 692 F.3d 778, 792 (7th Cir. 2012); *United States v. Scott*, 631 F.3d 401, 405 (7th Cir. 2011). And a within-guidelines sentence like Norris's "'necessarily' complies with § 3553(a)(6)." *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009) (quoting *United States v. Gall*, 552 U.S. 38, 54 (2007)); *see Grigsby*, 692 F.3d at 792. Moreover, a disparity between the brothers' sentences was not unwarranted given their different criminal histories. *See United States v. Brown*, 732 F.3d 781, 788 (7th Cir. 2013); *United States v. Duncan*, 479 F.3d 924, 929 (7th Cir. 2007).

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.