**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 3, 2019[*]
Decided October 4, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-3497

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:16-CR-00146(1) |
| DONALD S. COLEMAN, *Defendant-Appellant*. | Harry D. Leinenweber, *Judge*. |

**O R D E R**

Donald Coleman pleaded guilty to knowingly engaging in illicit sexual conduct with a minor while traveling in foreign commerce, in violation of 18 U.S.C. § 2423(c). At sentencing, the district court imposed a below-guidelines term of imprisonment and a within-guidelines term of supervised release, but it did not discuss the sentencing factors or address Coleman's mitigating arguments. Coleman appealed the sentence,

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

and the government concedes that the district court did not adequately explain its sentencing decision. We agree with the parties, so we vacate and remand for resentencing.

Coleman began an online relationship with a woman from the Philippines in 2009 and, over the next four years, traveled several times to visit the woman and her young daughter. On one trip—in 2012—Coleman began sexually assaulting and raping the daughter, who was 11 years old at the time. The mother discovered the assaults and reported them to Filipino authorities, who began an investigation. After learning about the investigation, Coleman returned to the United States.

The Federal Bureau of Investigation became aware of the Filipino investigation through a YouTube video and began their own inquiry. Ultimately, federal prosecutors charged Coleman with knowingly engaging in illicit sexual conduct with a minor while traveling in foreign commerce. *See* 18 U.S.C. § 2423(c). Coleman confessed to the assaults and pleaded guilty.

A probation officer calculated a guidelines range of 210 to 262 months' imprisonment based on a total offense level of 33 and a criminal history category of V. She noted that Coleman had a previous conviction for sexually assaulting his minor daughter nearly thirty years earlier but nonetheless recommended a below-guidelines term of imprisonment based on Coleman's age (64 at sentencing) and history of depression and suicidality. Finally, she recommended a lifetime term of supervised release given Coleman's previous offense and the risk of recidivism. *See* 18 U.S.C. § 3583(k) (mandating supervised release term of five years to life).

Though Coleman did not object to the guidelines calculation, he made several arguments in mitigation. He asserted, for instance, that his parents were physically abusive alcoholics, that he had been sexually abused and raped as a child and teenager, and that he had a history of depression and suicidal ideation. He also had a history of stable employment, and in the three years leading up to his arrest he had begun volunteering at his senior-living community. Finally, Coleman argued that he was unlikely to commit other offenses given his age, and that a long sentence would not deter others.

Coleman repeated his mitigating arguments at the sentencing hearing, but the district court did not address them. The court commented that the offense was serious enough to justify a within-guidelines sentence but it nevertheless imposed a

below-guidelines, 180-month term because "a sentence that goes beyond the age of 80" was effectively a "death sentence." It also imposed "lifetime supervised release."

On appeal, Coleman argues that the district court failed to address his mitigating arguments or explain the reasons for imposing the sentence that it chose. The government concedes that the district court's statement was insufficient. We review the district court's procedural sentencing errors de novo. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Pennington*, 908 F.3d 234, 238 (7th Cir. 2018).

We agree with the parties that the district court inadequately explained its reasoning in selecting Coleman's sentence. A district court may not "presume that the Guidelines range is reasonable," but rather must "make an individualized assessment based on the facts presented" and the factors set forth in 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 49–50. Here, the district court did not discuss the § 3553(a) factors. Rather, it mentioned only the seriousness of the crime, Coleman's age, and its desire to avoid an effective "death sentence." We have vacated sentences when the district court considered the defendant's age but failed to tie it to the § 3553(a) factors and did not weigh "the history and circumstance of [the defendant's] upbringing." *United States v. Brown*, 610 F.3d 395, 397–99 (7th Cir. 2010). Nor did the court address Coleman's mitigating arguments. We have required district courts to address a defendant's arguments related to his mental health, including clinical depression and suicide attempts. *United States v. Cunningham*, 429 F.3d 673, 676–77, 679 (7th Cir. 2005). Even assuming the district court considered these arguments to be "[o]bviously without merit or so routine as to be 'stock,'" remand is still warranted because the record "is too thin to discern the considerations which motivated the … sentencing decision." *United States v. Garcia-Oliveros*, 639 F.3d 380, 381–82 (7th Cir. 2011).

We therefore VACATE and REMAND the case for resentencing.