**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012
Decided February 22, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1389

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> GARY McDONALD, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 08 CR 122-3 <br><br> Amy J. St. Eve, <br> *Judge.* |

**O R D E R**

Gary McDonald pleaded guilty to conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced him as a career offender under U.S.S.G. § 4B1.1 to 188 months' imprisonment, the low end of the guidelines range. McDonald filed a notice of appeal, but his appointed lawyer seeks to withdraw on the ground that all possible claims are frivolous. *See Anders v. California*, 386 U.S. 738 (1967). McDonald opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and McDonald's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). McDonald does not want his guilty plea vacated, so counsel properly omits any discussion about the adequacy of the

plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel considers only one potential issue: Whether McDonald could challenge his prison sentence. But counsel cannot point to any procedural error in the district court's calculation of the guidelines range. Nor did he identify any reason to disregard the presumption of reasonableness applicable to sentences within the guidelines range. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). The district court thoroughly addressed the sentencing factors in 18 U.S.C. § 3553(a) and acknowledged that McDonald had the support of his family, including a number of family members who wrote letters describing his good character. But the court also noted that McDonald has an extensive criminal history which had negatively affected the community. Thus counsel is correct that any challenge to McDonald's prison sentence would be frivolous.

In his Rule 51(b) response, McDonald proposes arguing that the district court erred by sentencing him as a career offender under § 4B1.1 without first establishing that his 1991 convictions for robbery and aggravated battery with a firearm are for crimes of violence. But McDonald conceded in a sentencing memorandum that he qualified as a career offender under § 4B1.1 because of his previous robbery and battery convictions. And at sentencing, his lawyer acknowledged that McDonald was not contesting his status as a career offender. McDonald thus waived any argument that he does not have two prior felony convictions for crimes of violence, *United States v. Scott*, 657 F.3d 639, 640 (7th Cir. 2011); *United States v. Panice*, 598 F.3d 426, 437 (7th Cir. 2010), and an appeal arguing he should not have been sentenced as a career offender would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.