NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 2, 2012
Decided May 2, 2012

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2744

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 11-CR-2 |
| DAMONE L. KEY, *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

**O R D E R**

Damone Key robbed two Wisconsin bars at gunpoint and drove the getaway car in a third robbery. He fired his gun during one robbery, and his accomplice did the same during another. Key pleaded guilty to three counts of robbery in violation of the Hobbs Act, *see* 18 U.S.C. § 1951(a), and two counts of discharging a firearm during a crime of violence, *see id.* § 924(c)(1)(a)(iii), (c)(1)(C)(i). He was sentenced to 40 years' imprisonment: 5-year concurrent sentences for the three robbery counts, to be followed by mandatory consecutive 10- and 25-year terms for the firearms convictions. Key filed a notice of appeal, but his newly appointed counsel has concluded that the appeal is frivolous and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Key has not accepted our invitation to comment on counsel's facially adequate submission. *See* CIR. R. 51(b). We limit our review to

the potential issues that counsel discusses. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Key has told his attorney he wants his guilty pleas set aside, so counsel first considers whether Key could argue that his pleas were not knowing and voluntary. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). Key did not move to withdraw his pleas in the district court, so we would review his plea colloquy for plain error. FED. R. CRIM. P. 52(b); *United States v. Vonn*, 535 U.S. 55, 63 (2002); *United States v. Ali*, 619 F.3d 713, 718–19 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 965 (2011). Counsel notes that the district court erred during the colloquy by failing to apprise Key explicitly of his rights to confront adverse witnesses at trial, testify, and present evidence, *see* FED. R. CRIM. P. 11(b)(1)(E), but correctly concludes that we would find these errors harmless. Key's plea agreement included an explicit waiver of the rights the court omitted from the plea colloquy, thus demonstrating that Key was informed of the rights he was forgoing when he entered his pleas. *See United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001).

Counsel next considers whether Key could attack the district court's guidelines calculations on the robbery counts. But we agree with counsel that we would find any such challenge waived (and thus frivolous) both because Key's attorney told the court that Key did not object to the guidelines calculations that the court adopted from the presentence report, *see United States v. Scott*, 657 F.3d 639, 640 (7th Cir. 2011); *United States v.* Brodie, 507 F.3d 527, 531 (7th Cir. 2007); *United States v. Datcu*, 627 F.3d 1074, 1079–80 (8th Cir. 2010), and because Key agreed to those calculations in his plea agreement, *see Scott*, 657 F.3d at 640; *United States v. Newman*, 148 F.3d 871, 878 (7th Cir. 1998); *Datcu*, 627 F.3d at 1079.

Counsel last considers whether Key could challenge the reasonableness of his sentences on the robbery counts—the only part of the total prison term over which the district court had discretion—but rightly concludes that we would find such an argument frivolous. The robbery sentences were 40 months below the low end of the applicable guidelines range of 100 to 125 months. Key's below-guidelines sentence is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008), and neither counsel nor we have identified any reason to disturb that presumption. The district court adequately considered the factors set forth in 18 U.S.C. § 3553(a), balancing the seriousness of Key's offenses, *see id.* § 3553(a)(2)(A), against his history and characteristics, *see id.* § 3553(a)(1), including the abuse he suffered as a child and his drug addiction.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.