NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2012[*]
Decided June 4, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1246

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 04 CR 676-1 |
| WILLIAM MOORE, *Defendant-Appellant.* | John W. Darrah, *Judge*. |

**O R D E R**

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

William Moore, a federal inmate, appeals the denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on retroactive amendments to the sentencing guidelines for crack cocaine offenses. The district court denied the motion on the ground that the amendment did not lower Moore's guidelines range. We affirm.

Moore was arrested in 2004 after he and his partner sold crack to an informant working with the Drug Enforcement Administration. Moore then entered into an agreement with the government and pleaded guilty to distributing crack cocaine, 21 U.S.C. § 841(a)(1), and conspiring to distribute crack cocaine, *id.*; § 846. In the plea agreement Moore stipulated that he had manufactured and sold crack for several years and—for the purpose of calculating his guidelines range—that the amount of crack he distributed and conspired to distribute was more than 1 kilogram. He also waived his right to appeal or seek collateral review of his sentence. Moore was later sentenced to 294 months' imprisonment, the middle of the guidelines range. The court had calculated his range at 262 to 327 months based on his criminal history category of V and a total offense level of 35 (base level of 36, plus 2 levels for his leadership role in the crimes, minus 3 levels for acceptance of responsibility).

In 2008, Moore moved under § 3582(c)(2) to reduce his sentence based on Amendments 706 and 715, which lowered from 36 to 34 the base offense level under the guidelines for crimes involving between 500 grams and 1.5 kilograms of crack. U.S.S.G. Supp. to App. C, Vol. III 226-31, 255-58 (2011). The district court granted the motion, calculated Moore's amended guidelines range at 210 to 262 months based on a reduced total offense level of 33, and resentenced him to 235 months.

In 2011, Moore filed a second motion under § 3582(c)(2) seeking to reduce his sentence based on Amendments 748 and 750, which increased the quantities of crack tied to higher base offense levels in order to conform the guidelines to the lower statutory penalties for crack enacted by the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. *See* U.S.S.G. Supp. to App. C, Vol. III 374-84, 391-98 (2011). The district court denied the motion on the ground that Moore's sentencing range would not be lower under the amended drug quantity table—his crime involved more than 1 kilogram of crack, which still corresponds with a base level of 34. *See* U.S.S.G. § 2D1.1.(c)(3) (2011).

On appeal Moore asserts that the district court erred when it calculated his sentence based on 1 kilogram of crack because, he says, he is accountable for only 150 grams—the bottom of the range in his grand jury indictment (150 to 500 grams). In support Moore points to both the indictment and his Presentence Investigation Report, which restates the 150-500 gram range in describing the charges. Because he pleaded guilty to only the charges in the indictment, Moore argues, he has accepted liability for no more than the minimum quantity of drugs that satisfies those charges.

Moore overlooks the stipulation he made in his plea agreement. There, he stipulated that "for the purposes of calculating the advisory Sentencing Guidelines range . . . . [he] maintained and distributed over 1 kilogram of crack cocaine." Moore has not suggested that his plea agreement is invalid, and he has thus waived the right to argue that his guidelines range should not be calculated based on the stipulated quantity of 1 kilogram of crack. *See United States v. Scott*, 657 F.3d 639, 640 (7th Cir. 2011). Applying that quantity, Moore's guidelines range was unaffected by the recent drug quantity amendments, and the district court correctly denied his motion under § 3582(c)(2).

AFFIRMED.