NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 24, 2012
Decided October 29, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3325

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09 CR 347-1 |
| STEPHEN NEAL, *Defendant-Appellant.* | Joan Humphrey Lefkow, *Judge.* |

**O R D E R**

Stephen Neal admitted preparing fraudulent income-tax returns for a number of clients, mostly his coworkers at the United States Postal Service, causing loss to the IRS of almost $300,000. Civil audits conducted by the IRS established that those 37 returns were among 126 that Neal had prepared with similar misstatements for a total loss exceeding $700,000. Neal pleaded guilty to 1 of 37 counts charging that he willfully aided and assisted in preparing a fraudulent tax return, 26 U.S.C. § 7206(2), and was sentenced within the guidelines range to 27 months' imprisonment. Neal filed a notice of appeal, but his appointed lawyer asserts that the possible claims are frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Neal opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate

brief and in Neal's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). Neal has told counsel that he does not want his guilty plea set aside, so counsel properly forgoes discussing the adequacy of the plea colloquy or the voluntariness of the guilty plea. *See United States v. Knox,* 287 F.3d 667, 670–672 (7th Cir. 2002).

Counsel notes that he cannot identify a basis to challenge the imprisonment range of 27 to 33 months, which the district court based on a total offense level of 18 and a Category I criminal history. Neither has counsel's review of the record suggested other possible missteps in deciding on Neal's sentence. But Neal conveyed to the lawyer several complaints about the sentencing proceedings, some of which he repeats in his Rule 51(b) response, and counsel discusses those concerns in his *Anders* submission.

First among them is whether Neal could argue that the district court erred by assigning a base offense level that incorporates the tax loss from all 37 of the admittedly fraudulent returns rather than the one charged in the count of conviction. *See* U.S.S.G. § 2T1.4(a)(1). This contention would go nowhere because Neal stipulated, as part of his plea agreement, that the tax loss is exactly as found by the judge. *See United States v. Scott*, 657 F.3d 639, 640 (7th Cir. 2011) ("A defendant who stipulates to facts as part of a written plea agreement also waives challenges to the district court's reliance on those facts."). And even if Neal's plea agreement did not bind him, the guidelines direct courts to consider all relevant conduct when determining the base offense level, including all acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Neal prepared the 37 returns over a four-year period for 15 clients, all but one a repeat customer. With each return he cheated the IRS using the same method, claiming false deductions for medical expenses, charitable contributions, and so on. He was running a side business that depended on fraud to generate clients, and counsel is correct that it would be frivolous to contend that not all of the admitted fraud was relevant conduct. *See id.* §§ 2T1.4(a), 2T1.1 n.3; *United States v. Littrice*, 666 F.3d 1053, 1061 (7th Cir. 2012).

Counsel might have said the same thing about the entire $700,000 in loss discovered when returns other than the 37 charged in the indictment were audited. The district court ignored the portion of the loss attributable to the uncharged tax returns, but counsel explains that Neal thinks it was wrong for the government even to mention the full loss in its sentencing memorandum and at the sentencing hearing. Neal has pointed counsel to *United States v. Bryant*, 128 F.3d 74, 75–76 (2d Cir. 1997), which notes that the methodology used to estimate loss must yield a reasonable outcome and thus judges should exercise caution when extrapolating tax loss from audits of a *sampling* of tax returns prepared by the defendant. But here the $700,000 figure was drawn entirely from audited returns, and thus the district court arguably *should* have taken the entire loss into account, which would have

added two more offense levels to Neal's total. *See* U.S.S.G. § 2T4.1(H); *see also Littrice*, 666 F.3d at 1062 (noting that sentencing court may rely on civil audits in estimating tax loss); *United States v. Mehta*, 594 F.3d 277, 282 (4th Cir. 2010) (same). Indeed, the Second Circuit reads its *Bryant* decision to stand for the proposition that it is "proper to include the tax loss ascertained in the civil audit in determining relevant conduct*." United States v. McLeod*, 251 F.3d 78, 82 (2d Cir. 2001).

Counsel next explores Neal's desire to dispute the two offense levels he received under U.S.S.G. § 2T1.4(b)(1)(B), which applies to defendants who were "in the business of preparing or assisting in the preparation of tax returns." Neal also stipulated to this upward adjustment in his plea agreement, so here again the contention is made frivolous by Neal's assent. *See Scott*, 657 F.3d at 640. Even without that stipulation, however, Neal's proposed claim of error would be frivolous. This increase targets "persons who regularly prepare or assist in the preparation of tax returns for profit," U.S.S.G. § 2T1.4 cmt. n.2, for the reason that their misconduct "poses a greater risk of revenue loss and is more clearly willful," *id.* cmt. (background). For several years Neal held himself out as a return preparer and charged a fee for his fraudulent services, and thus § 2T1.4(b)(1)(B) applies. *See United States v. Phipps*, 29 F.3d 54, 56 (2d Cir. 1994) (concluding that increase applied to defendant who, for a fee, prepared at least 155 fraudulent returns over period of five or six years); *United States v. Welch*, 19 F.3d 192, 195–196 (5th Cir. 1994) (concluding that increase applied to defendant who prepared five fraudulent returns for four clients over three years). It does not matter, as Neal insists in his Rule 51(b) response, that he never received a certification in tax preparation. The probation officer recalled Neal telling her that he was certified, but knowing which of Neal's statements is true is unimportant because this adjustment is not limited to defendants who achieve some form of certification in tax preparation. *See Welch*, 19 F.3d at 196.

Counsel next informs us that Neal takes issue with several of the district judge's comments at sentencing, including that he was "paid by the government" as an employee of the postal service. Counsel appropriately rejects as frivolous any challenge to these statements. The highlighted comments are unobjectionable, *cf. United States v. Schneider*, 910 F.2d 1569, 1571 (7th Cir. 1990) (characterizing as regrettable, though not reversible, district court's slang references to defendant as "strange man" and "flake"), and fall short of the "litany of inflammatory remarks" that might have undermined the court's reasoned and detailed explanation for Neal's sentence, *see United States v. Figueroa*, 622 F.3d 739, 743–744 (7th Cir. 2010) (vacating sentence where judge's remarks about nation-states, national characteristics, and other irrelevant topics undermined court's duty to adequately explain its sentence).

Other than Neal's concerns, counsel is left with a potential argument that the defendant's prison sentence is unreasonable. The lawyer aptly rejects this possibility as frivolous, since counsel and Neal have not identified any reason to disturb the presumption of reasonableness applicable to Neal's within-guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 350–51 (2007); *United States v. Barnes*, 660 F.3d 1000, 1010 (7th Cir. 2011). The district court properly considered the factors listed in 18 U.S.C. § 3553(a), discussing Neal's lack of respect for the law and reluctance to acknowledge guilt at his plea colloquy. The court also noted the special importance of deterring tax crimes. *See* U.S.S.G. § 2T1.4 (intro. cmt.). These considerations, the court decided, outweighed Neal's request that he be given probation to allow him to earn money for child support and restitution.

Counsel and Neal discuss several other points. We have reviewed all of them and conclude that each is frivolous.

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.