NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2014
Decided March 27, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 12-1762 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| | No. 08 CR 969 |
| v. | |
| | James B. Zagel, |
| EDWARD GUAJARDO, *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Edward Guajardo sought money to fuel his heroin addiction by committing four bank robberies at gunpoint. He pleaded guilty to three counts of bank robbery, *see* 18 U.S.C. § 2113(a), and one count of brandishing a gun during a crime of violence, *see id.* § 924(c)(1)(A)(ii). As part of a plea agreement, the government dismissed a fourth count of bank robbery and three more counts of possessing a gun during a crime of violence. Guajardo requested and received a new lawyer just before sentencing, and on the lawyer's motion, the district court delayed the sentencing hearing and appointed a psychiatrist to evaluate Guajardo. *See id.* § 3006A(e)(1). After an extended wait for the

psychiatric report, the court calculated a guidelines imprisonment range of 78 to 97 months for the robberies and a consecutive guidelines sentence of 84 months (the statutory minimum) for the gun crime. *See* U.S.S.G. §§ 2B3.1, 2K2.4(b), 3D1.4. The court then sentenced Guajardo to a total of 144 months in prison (60 months plus 84). Guajardo filed a notice of appeal, but his newly appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Guajardo did not accept our invitation to reply to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first advises us that Guajardo does not wish to challenge his guilty pleas, so she appropriately omits from her *Anders* submission any discussion about the plea colloquy or the voluntariness of the pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Next counsel reports that she evaluated the district court's application of the sentencing guidelines but did not find even a potential error. At all events, as counsel notes, Guajardo stipulated in his plea agreement to the guidelines calculations and underlying facts adopted by the court, so any appellate challenge is waived. *United States v. Walsh*, 723 F.3d 802, 811 (7th Cir. 2013); *United States v. Scott*, 657 F.3d 639, 640 (7th Cir. 2011).

Counsel finally analyzes whether Guajardo could challenge his below-guidelines prison sentence as unreasonable and correctly concludes that this potential claim would be frivolous. The district court considered Guajardo's argument in mitigation that his heroin addiction stemmed from grief over the death of his wife. *See* 18 U.S.C. § 3553(a). In light of Guajardo's personal loss, the court decided that 12 years is the appropriate sentence. Counsel has not identified any basis on which Guajardo could rebut the presumption that this term is reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Banas*, 712 F.3d 1006, 1012 (7th Cir. 2013), nor can we.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.